UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHANE W. PERREAULT,

               Plaintiff,

v.                                             Case No. 5:07-cv-430-Oc-10GRJ

SAGE CREDIT COMPANY, INC., BEAR
STEARNS RESIDENTIAL MORTGAGE
CORPORATION,

               Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court on an Order of Reference (Doc. 31) is Plaintiff's Motion For Default Judgment Against Defendant Sage Credit Company, Inc. (Doc. 29). The Court conducted an evidentiary hearing on January 19, 2010. During the hearing the Plaintiff testified and presented documentary evidence in support of his motion and thus the matter is ripe for review. For the reasons discussed below, Plaintiff's Motion For Default Judgment Against Defendant Sage Credit Company, Inc. is due to be **GRANTED** in the amount set forth in this report and recommendation.

### I. BACKGROUND

On October 18, 2007, Plaintiff filed this action for damages and declaratory relief against Defendants, Sage Credit Company, Inc. ("Sage Credit") and Bears Stearns Residential Mortgage Corporation. ("Bear Stearns.") The claims against Bear Stearns

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

were dismissed on November 20, 2009. (Doc. 28.) Plaintiff brought claims for damages against Sage Credit *inter alia* for violation of the Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, breach of fiduciary duty and common law fraud. Because Sage Credit had failed to respond to the Complaint the Plaintiff filed a motion for a clerk's default which was granted and a default was entered against Sage Credit on March 14, 2008. (Doc. 16.) Plaintiff filed a motion for entry of a default judgment against Sage Credit, and because testimony and documentary evidence was required to prove Plaintiff's damages, the Plaintiff requested an evidentiary hearing.

## II. DISCUSSION

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint and the Court may take into account affidavits and such other evidence as it deems necessary. In that regard "[T]he court may conduct hearings or make referrals ... when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."[2]

At the hearing the Plaintiff testified that he contacted Sage Credit to assist him in refinancing the mortgage on his residence located in Minneola, Lake County, Florida. Sage Credit represented that it worked closely with various lenders. Because of the Plaintiff's credit problems, Sage Credit engineered a scheme to refinance Plaintiff's primary residence and advised Plaintiff that there would be no problem obtaining a fixed

---

[2] F.R.Civ.P. 55(b)(2).

2

rate loan with an interest rate of 6.75%. Under the arrangement proposed by Sage Credit, Sage Credit promised to obtain a fixed rate loan for Plaintiff if Plaintiff first entered into a short term adjustable rate mortgage and timely made four payments. Sage Credit represented that making timely payments on the adjustable rate loan would bolster Plaintiff's net worth and increase Plaintiff's credit score sufficiently to qualify for the fixed rate loan. Sage Credit represented that the adjustable rate loan was only a "bridge" loan and that Sage Credit had secured the 30 year fixed loan, which would replace the adjustable rate loan four months after the 40 year adjustable rate loan was finalized. The fees charged by Sage Credit were represented to be for obtaining both the adjustable rate loan and the fixed rate loan.

Based upon the oral and written assurances of Andre Wilson, the loan officer for Sage Credit,[3] Plaintiff executed a 40 year adjustable rate loan in the principal amount of $391,595.00 with an initial interest rate of 9.49% for the first 24 months and an interest rate that adjusted to at least 14.9% for the remaining 456 months of the loan. The proceeds of the adjustable rate loan were used to pay-off Plaintiff's existing mortgage on his residence as well as several of Plaintiff's credit card debts. As directed Plaintiff made the monthly payments in the sum of $3,169.12 for the first four months of the adjustable rate loan. Plaintiff then attempted to finalize the fixed rate 30 year loan with an interest rate of 6.75%, which Sage Credit had represented it had secured on behalf of Plaintiff. Contrary to its oral and written representations Sage Credit had never obtained the fixed rate 30 year mortgage and kept all of the fees paid by Plaintiff for

---

[3] Plaintiff's Ex. 2.

securing the financing. As a result of the failure of Sage Credit to obtain the promised thirty year fixed rate loan Plaintiff ended up being stuck with a 40 year loan that had an exorbitant interest rate with monthly payments that Plaintiff was unable to afford.

Plaintiff requests actual damages consisting of the difference in monthly mortgage payments between the adjustable rate loan he became obligated to pay and the remaining payments on his existing fixed rate mortgage which he paid off with the proceeds of the adjustable rate mortgage, plus reimbursement for the prepayment penalty he was obligated to pay for paying off his mortgage plus the origination fees paid to Sage Credit. The total of the mortgage payments the Plaintiff was obligated to make under the 40 year adjustable rate mortgage is $1,317,844.45.[4] Plaintiff had 26 years remaining on his existing fixed rate mortgage. The monthly payments were in the amount of $1,678.35, which for the remaining 26 years totals the sum of $523,638.96. However, because the existing mortgage loan plus several credit card debts were actually paid off with the proceeds from the 40 year adjustable rate mortgage, Plaintiff received the benefit of these monies and therefore the satisfaction of these debts must be deducted from Plaintiff's requested damages. As evidenced by the closing statement[5] from the pay-off of his existing mortgage, Plaintiff received the benefit of payments in the sum of $347,444.74. Plaintiff's actual loss is therefore $446,760.75, which represents the difference between the payments Plaintiff would have made under

---

[4] This number is derived by multiplying 20 months of payments at the interest rate of 9.49%, which totals $63,380.00, plus 335 months of payments at the higher adjusted rate of 14.95%, which totals $1,254,464.45. Only 20 months of the first 24 months was used because the Plaintiff actually made the first four payments and to this extent had the benefit of the loan.

[5] Plaintiff's Ex. 4.

his existing mortgage and the payments Plaintiff was obligated to make under the 40 year adjustable rate loan minus the monies paid at closing to satisfy Plaintiff's exiting mortgage and pay off a number of his credit cards. In addition, Plaintiff is entitled to recover the prepayment penalty of $15,048 he was required to make for paying off his existing mortgage early. Lastly, Plaintiff is entitled to recover the loan origination fee of $11,747.85 paid to Sage Credit at closing. Accordingly, Plaintiff is entitled to recover damages against Sage Credit in the total sum of $473,556.60.

These damages are essentially the same for the claims under FUDTPA, and the claims for breach of fiduciary duty and fraud. Under FDUTPA a claimant is entitled to recover actual damages, which arise out of the services received from the provider.[6] Under a theory of breach of fiduciary duty a person is entitled to recover damages proximately caused by the breach. Damages for fraudulent inducement include the loss of the benefit of the bargain. Because the damages requested by Plaintiff were proximately caused by the fraudulent conduct of Sage Credit and directly relate to the services (or lack thereof) provided by Sage Credit, it is unnecessary to address Plaintiff's damages under each of his three claims.

Accordingly, Plaintiff is entitled to a default judgment against Sage Credit in the total sum of $473,556.60, plus the costs of filing suit in the amount of $350.00.

### III. <u>RECOMMENDATION</u>

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion For Default Judgment Against Defendant Sage Credit Company, Inc. (Doc. 29) should

---

[6] *See e.g.,* <u>Orkin Exterminating v. Petsch</u>, 872 So. 2d 259, 263 (Fla. Dist. Ct. App. 2004); <u>Schauer v. Morse Operations, Inc.</u>, 5 So.3d 2, 7 (Fla. Dist. Ct. App. 2009)

be **GRANTED**. Final Judgment should be entered in favor of Plaintiff, Shane W. Perreault and against Defendant Sage Credit Company, Inc. in the sum of $473,556.60 plus costs in the sum of $350.00.[7]

    **IN CHAMBERS** in Ocala, Florida, on April 2, 2010.

GARY R. JONES
United States Magistrate Judge


Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    Counsel of Record

---

[7] Although Plaintiff would be entitled to recover attorney's fees under the FDUTPA claim, Plaintiff's counsel advised the Court at the hearing that the Plaintiff was not seeking attorney's fee at this time.